IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael David Kelly, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:09-cr-00848-TLW-1 <br> C/A No. 4:16-cv-01916-TLW <br><br><br> **Order** |

Petitioner Michael David Kelly pled guilty to being a felon in possession of a firearm and ammunition, and he was sentenced to 110 months imprisonment.[1] ECF No. 67. His base offense level was 20 in light of his prior conviction for strong armed robbery. PSR ¶¶ 34, 61. In his § 2255 petition, he asserts that he should be resentenced because his strong armed robbery conviction fails to qualify as a crime of violence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He asserts that *Johnson*, which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the residual clause in the guideline defining a crime of violence, formerly found at § 4B1.2(a)(2),[2] and that his strong armed robbery conviction is not a crime of violence under the force clause.

The Supreme Court and Fourth Circuit have now foreclosed Petitioner's argument, having held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the

---

[1] His sentence was later reduced to 98 months pursuant to the Government's Rule 35(b) motion. ECF No. 80.

[2] After the *Johnson* decision, the guideline defining a crime of violence was revised and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

1

Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness," *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), and that South Carolina robbery is a crime of violence, *United States v. Doctor*, 842 F.3d 306, 312 (4th Cir. 2016). *See also United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (concluding that an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255). Accordingly, Petitioner's petition for relief pursuant to § 2255, ECF No. 82, is **DENIED**. This action is hereby **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing in light of *Beckles*, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 9, 2017
Columbia, South Carolina

---

[3] The Court did not require the Government to file a post-*Beckles* or post-*Doctor* response in this case because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b). However, the Court notes that the Government filed a response in a similar § 2255 case, asserting that the petition challenging a career offender designation should be denied in light of *Beckles*. *See Swinton v. United States*, No. 4:08-cr-00368-TLW-1, ECF No. 356.